NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>SUNPOWER CORPORATION; PETER FARICY; MANAVENDRA S. SIAL; TOTALENERGIES SE; TOTALENERGIES SOLAR INTL SAS; TOTALENERGIES GAZ & ELECTRICITE HOLDINGS SAS,<br><br>    Defendants - Appellees. | No. 25-1831<br><br>D.C. No. 3:22-cv-00956-AMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted July 9, 2026[**]
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

As lead plaintiff in a putative class-action, Steamfitters Local 449 Pension & Retirement Security Funds ("Steamfitters") sued SunPower Corporation ("SunPower"), its former Chief Executive Officer Peter Faricy, and its former Chief Financial Officer Manavendra S. Sial (collectively, "Defendants") for securities fraud under §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, alleging that certain of SunPower's risk factor statements were fraudulent. Steamfitters's theory is that the statements, issued in August and November 2021, misleadingly omitted material information about the existence of a product defect: over-torqued screw nuts that created a risk that components would crack, which in turn created a risk of fire.

The district court dismissed the operative Third Amended Complaint ("TAC") on the same grounds as it dismissed the First Amended Complaint, finding that Steamfitters did not plausibly allege that the statements were false because it did not plausibly allege that anyone at SunPower knew of the over-torquing defect at the time of the statements. The district court also denied as moot Steamfitters's motion for an extension of time to serve additional defendants, and did not expressly analyze the claim for controlling-person liability under the Exchange Act.

Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing de novo, *Constr. Laborers Pension Tr. v. Funko Inc.*, 166 F.4th 805, 820 (9th Cir. 2026), we affirm.

1. The district court determined that the statements were not false or misleading because "the TAC contains no particularized allegations of Defendants' contemporaneous knowledge" of the defect at the time of the statements. The district court did not err, even though the defect already existed, because Steamfitters did not plausibly allege that Defendants knew that the defect existed at the time the statements were made. Steamfitters's arguments that it need not allege any knowledge is foreclosed by our precedent.

"Risk disclosures in an SEC filing can give rise to liability under the Exchange Act where they 'warn[] that risks "could" occur when, in fact, those risks had already materialized.'" *Id.* at 825 (alteration in original) (quoting *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 948–49 (9th Cir. 2023)). The question is whether the risk could have materialized *before* SunPower knew of the over-torquing defect. But our precedents illustrate that the risk materializes only when a defendant knows of the defect.

For example, in *Weston Family Partnership LLLP v. Twitter, Inc.*, we found that "Plaintiffs ha[d] failed to plausibly allege falsity based on their theory that the software issues had materialized and impacted revenue in July," when the

allegedly fraudulent statements were made. 29 F.4th 611, 623 (9th Cir. 2022). "[I]t is simply not enough to assume or implausibly infer that the *defendants must have known about these issues in July* based on later facts or developments." *Id.* at 621 (emphasis added). Indeed, we found that "Plaintiffs' falsity allegations thus *presume*[*d*] *that the defendants knew* [] in July 2019 about the software bugs . . . [b]ut the complaint d[id] not plausibly allege" that. *Id.* (emphasis added). We repeatedly stressed that the timing of Twitter's discovery of the bugs resolved the falsity analysis. *See, e.g.*, *id.* at 622.

Similarly, in *In re Alphabet, Inc. Securities Litigation*, we found that the complaint "plausibly allege[d] that . . . risks of harm ripened into actual harm *when the Privacy Bug was detected*." 1 F.4th 687, 703 (9th Cir. 2021) (emphasis added). Therefore, "the complaint plausibly allege[d] that Alphabet's warning in each Form 10-Q of risks that 'could' or 'may' occur [wa]s misleading to a reasonable investor *when Alphabet knew* that those risks had materialized." *Id.* at 704 (emphasis added).

Relying on this reasoning in *Alphabet*, we held in *Facebook* that the plaintiffs' "claim that Facebook *was aware* of Cambridge Analytica's misconduct before February 2017" could plausibly support an allegation of falsity because it meant Facebook's statements at the time "'directly contradict[ed]' *what the company knew when it filed* its 2016 10-K with the SEC." 87 F.4th at 949

(alteration in original) (emphasis added) (quoting *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764 (9th Cir. 2023)).

Steamfitters argues that the district court applied the wrong standard for falsity. It notes that "[s]tatements and omissions are actionably false or misleading if they [1] 'directly contradict what the defendant knew at that time,' *or* [2] 'create an impression of a state of affairs that differs in a material way from the one that actually exists.'" And it argues that the "second formulation," i.e., the omission theory, "makes clear knowledge isn't *required* to plead falsity." Steamfitters then argues that *Facebook* and *Alphabet* "applied the second falsity formulation." But as just discussed, under those cases, Steamfitters *is* required to make a plausible allegation of knowledge.

Steamfitters points to language in other cases that suggests that it was not required to allege SunPower knew of the defect, but it takes this language out of context. *See Glazer*, 63 F.4th at 766 (holding only that "[f]alsity is subject to a particularity requirement and the *reasonable inference* standard of plausibility," not that it requires no allegation of knowledge); *Funko*, 166 F.4th at 825–26 (approvingly quoting the rule that risk materializes upon discovery, and holding only that plaintiffs need not allege knowledge of the ensuing harm).

The district court therefore did not err in its conclusion that Steamfitters's allegation of falsity could not succeed unless it plausibly alleged that SunPower knew of the over-torquing defect at the time it issued the risk factor statements.

2. Steamfitters has not plausibly alleged that SunPower knew of the defect at the time of the risk factor statements. Steamfitters puts forward six arguments that someone at SunPower must have known about the defects, but all six are too speculative to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

3. Steamfitters argues that the district court improperly conflated the over-torquing defect with the cracking defect. On the record before us, these are the same defect: a manufacturing error led to over-torquing the nuts; and that is a defect because it creates a risk of cracking. Furthermore, as discussed, the risk materialized only when Defendants knew of the defect, so this distinction is inapposite.

4. In two instances, the district court's order purports to cite the TAC but cites paragraphs that appear only in the First Amended Complaint. Steamfitters argues that the district court reviewed the wrong complaint and therefore missed Steamfitters's allegation that the components were manufactured subject to a particular contract with Tigo. But the district court expressly discussed that

6                                                                25-1831

contract elsewhere in the opinion.  Even if there were some error, it does not support reversal of the dismissal of the complaint.  *See Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1286 n.6 (9th Cir. 2021)

5.  Because the district court did not err in dismissing the claim for securities fraud, it did not err in dismissing the claim for controlling-person liability.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) ("Section 20(a) claims may be dismissed summarily . . . if a plaintiff fails to adequately plead a primary violation of section 10(b).").  For the same reason, the district court did not err in denying as moot Steamfitters's motion for an extension of time to serve additional defendants.

**AFFIRMED.**